**Opinion issued August 21, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00782-CR

————————————

**JORGE TREVINO CARDENAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from the 488th District Court
Harris County, Texas
Trial Court Case No. 1804414

---

## MEMORANDUM OPINION

This appeal arises from a conviction in the 2009 murder of Domitila Alvarez. Alvarez was lured to her husband's mechanic shop, where she was attacked and stabbed numerous times in the neck, arms, and torso—suffering wounds that penetrated her heart and lungs. During the investigation, the case went cold.

In 2021, the Houston Police Department Cold Case Squad matched DNA recovered from the scene to Jorge Trevino Cardenas, who was by then incarcerated on an unrelated crime. A jury subsequently found Cardenas guilty of murder.[1] And the trial court assessed his punishment at confinement for life.

On appeal, Cardenas's appointed counsel has filed a motion to withdraw, along with an *Anders* brief, stating that the record presents no reversible error and that the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967).

In his brief, counsel states that he has thoroughly reviewed the record and is unable to advance any ground of error that warrants reversal. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). His brief meets the *Anders* requirements because it presents a professional evaluation of the record and supplies this Court with references to the record and legal authority. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).

Further, Cardenas's counsel informed this Court that he mailed a copy of the motion to withdraw and *Anders* brief to Cardenas and informed him of his right to access the appellate record and file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 408–09.

---

[1] *See* TEX. PENAL CODE § 19.02(b)(1), (2).

Subsequently, this Court sent a copy of the record to Cardenas.[2] Cardenas did not file a pro se response to the *Anders* brief.

The State filed a waiver of its right to file a response to the *Anders* brief.

We have independently reviewed the entire record in this appeal. *See Mitchell*, 193 S.W.3d at 155. We conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[3] *See* TEX. R. APP. P. 43.2(a). Attorney Terrence Gaiser must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

---

[2] This Court notified Cardenas that his counsel filed a motion to withdraw and *Anders* brief, informed Cardenas of his right to access the record and file a response, and provided him with a form motion to access the record. *See Kelly v. State*, 436 S.W.3d 313, 321–22 (Tex. Crim. App. 2014).

[3] Appointed counsel still has a duty to inform Cardenas of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review. *See id.* at 827 & n.6.

3

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).